IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| SHERRY JEAN BATISTA, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No.: _____ |
| vs. ) | |
| ) | |
| LIFE INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendant ) | |

**COMPLAINT**

COMES NOW Sherry Jean Batista (hereinafter "**Plaintiff**"), by and through the undersigned attorney, and files this Complaint against Life Insurance Company of North America (hereinafter "**Defendant**" or "**LINA**"), and states as follows:

**I.    Statement of the Case**

This is an action for damages, equitable relief, attorney fees and costs, under the Employee Retirement Income Security Act of 1974, as amended, (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b).

**II.    Jurisdiction and Venue**

This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 1132(3). Venue is proper in the United States

District Court for the Middle District of Florida pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

### III.    Relevant Parties and General Allegations

1. Plaintiff resides in Homosassa, Florida in Citrus County, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Middle District of Florida.

2. At all times relevant hereto, Plaintiff was an "employee" of her "employer", Valeant Pharmaceuticals North America (hereinafter Valeant Pharmaceuticals); as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6).

3. Defendant, Life Insurance Company of North America (hereinafter "LINA") of West Des Moines, Iowa is a foreign corporation and a fiduciary with respect to Plaintiff's claims and does business in the state of Florida.

4. At all times relevant hereto, Plaintiff was a "participant" in and "beneficiary" of a long-term disability plan as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premiums required for coverage under the long-term disability plans had been fully paid or otherwise satisfied.

5. The long-term disability PLAN is an "employee welfare benefit plan" as defined in 29 U.S.C. § 1002(1) and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

6. At all times relevant hereto, Plaintiff's employer, Valeant Pharmaceuticals, was the "plan sponsor", "plan administrator", and "fiduciary" as those terms are defined in 29 U.S.C. §§ (16)(B) and (21).

7. At all times relevant hereto, Valeant Pharmaceuticals delegated or assigned to Defendant LINA the claims fiduciary and claims administrator duties for the Plan and under the Policy.

8. At all times relevant hereto, Defendant LINA acted as Agent for Valeant Pharmaceuticals and as such, carried out the duties of claims fiduciary and claims administrator for the Plan and under the policy.

9. At all times relevant hereto, the Plan/Policy provided for payment of long-term disability benefits if the Plaintiff became "disabled" as defined in the Plan.

10. The Plan/Policy defines disability as follows: "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her **Regular Occupation**. After Disability Benefits have been paid for 12 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: 1. unable to perform the material duties of **any occupation** for which he or she is, or may reasonably become, qualified based on education, training or experience; and 2. unable to earn **80% or more** of his or her Indexed Earnings."

### IV. Statement of Facts

11. Plaintiff realleges and reavers and incorporates by reference Paragraphs 1-10 of the Complaint.

12. Plaintiff was born on April 15, 1971, and is fifty-two years of age.

13. Plaintiff worked for Valeant Pharmaceuticals as a Product Specialist.

14. Plaintiff's last day of work was December 27, 2017, because of her established disability.

15. The medical conditions that formed the basis of Plaintiff's claim for disability benefits include but are not limited to: status-post laminectomy at L5, L6, and S1 with medical facetectomies and microsurgical foraminotomies, radical discectomy with insertion of an interbody cage and lumbar fusion, and posterolateral transverse process fusion with pedicle screws and stabilization rods at L6-S1. She suffers from lumbago, lumbar canal stenosis without neurogenic claudication, lumbar radiculopathy, congenital spinal anomaly spondylolisthesis, chronic pain syndrome, failed back syndrome, chronic joint pain, osteoarthritis at multiple sites and systemic lupus erythematous. Plaintiff also has listing level loss of vision of the right eye and limited vision in both eyes and suffers from anxiety and depression.

16. Plaintiff was paid short-term disability benefits from the end of December 2017 through approximately June 23, 2018.

17. Because her medical condition had not improved, Plaintiff applied for and was awarded long-term disability benefits by LINA and paid benefits from June 24, 2018, through January 31, 2019.

18. In a letter dated January 30, 2019, LINA notified Plaintiff that her benefits were terminated effective January 31, 2019.

19. Plaintiff has exhausted her administrative remedies.

20. At all times for which monetary or other relief is sought, Plaintiff is and was "disabled" and suffering from a "disability" as those terms are defined under the Plan/Policy.

21. In addition, Plaintiff has been awarded disability benefits by the Social Security Administration based upon the above referenced medical conditions.

22. Under any ERISA standard of review that may apply, the position taken by LINA in denying Plaintiff's claim, is arbitrary and capricious and cannot withstand scrutiny.[1]

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

23. Plaintiff realleges and reavers and incorporates by reference paragraphs 1 through 22 of the Complaint.

24. For the forgoing reasons, Plaintiff is entitled to clarification of her right to reinstatement and her right to future long-term disability benefits pursuant to 29 U.S.C. §§ 1001, *et seq.*, 29 U.S.C. § 1132(a); and all pertinent implementing regulations and federal common law developed in the context of ERISA.

---

[1] Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to Firestone v. Bruch U.S. 101 (1989) and its progeny.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays:

This Court enter an Order declaring her right to reinstatement and right to future benefits under the long-term disability benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and award attorney fees and costs of litigation pursuant to 29 U.S.C. 1132(g).

Dated this 25th day of August, 2023.

**Law Office of Sharon M. Barrett**

/s/Sharon M. Barrett
Sharon M. Barret, BPR No. 0493066
Centers of Westshore
550 N. Reo Street / Ste. # 300
Tampa, FL 33609
Telephone: (813) 261-5030
Fax: (813) 261-5031
Email: Sharon@sharonbarrett.com